2012 SEP -6  PM 2: 38

CLERK___C ᒒ𝓂ₒ𝒷ᵢₙₒ𝓌
S. DIST. OF GA.

MICHAEL DEREK VONN FOSTER,  :

    Petitioner,  :

       v.  :           CIVIL ACTION NO.: CV212-099

                  :
TOM GRAMIACK, Warden, and  :
ATTORNEY GENERAL OF THE  :
STATE OF GEORGIA,  :

    Respondents.  :

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Michael Derek Vonn Foster ("Foster"), who is currently incarcerated at Dooly State Prison in Unadilla, Georgia, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 to challenge his conviction obtained in the Glynn County Superior Court. Respondent filed an Answer-Response and a Motion to Dismiss. Foster filed a Response. For the reasons which follow, Respondent's Motion to Dismiss should be **GRANTED**.

## STATEMENT OF THE CASE

Foster was convicted, after pleading guilty in the Glynn County Superior Court, of three (3) counts of child molestation on April 10, 2008. Foster received a "split" sentence of twenty years, eight (8) years to serve with the remaining twelve (12) years on probation. (Doc. No. 11-1). Foster filed a motion to withdraw his guilty plea, which the trial court denied on October 29, 2008. (Doc. No. 11-2). The Georgia Court of Appeals denied Foster's appeal of the denial of his motion to withdraw his guilty plea on January 12, 2009, because Foster's appeal was filed untimely. (Doc. No. 11-3).

Foster filed a state habeas corpus petition in the Dooly County Superior Court on August 9, 2010, and that court denied relief following a hearing. (Doc. No. 11-5). The Supreme Court of Georgia denied Foster's application for a certificate of probable cause. (Doc. No. 11-6).

In this petition, which was filed on May 2, 2012, Foster contends that his attorney provided ineffective assistance. Foster also contends that his sentence constitutes cruel and unusual punishment. Respondent contends Foster's petition should be dismissed as being untimely filed.

## DISCUSSION AND CITATION TO AUTHORITY

A prisoner must file a petition for writ of habeas corpus in federal court within one (1) year. 28 U.S.C. § 2244(d)(1). This statute of limitations period shall run from the latest of four possible dates:

The limitation period shall run from the latest of—

(A) the date on which the judgment of conviction becomes final by the conclusion of direct review or the expiration of time for seeking such review;

(B) the date on which the impediment to filing an application by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Id.

Foster's conviction became final at the time of his completion of the direct review process or when the time for seeking such review became final. 28 U.S.C. §

2

2244(d)(1)(A); Coates v. Byrd, 211 F.3d 1225, 1226 (11th Cir. 2000). Foster was

sentenced in the Glynn County Superior Court on April 10, 2008. Foster filed a motion

to withdraw his guilty plea, which was denied on October 29, 2008.[1] The Georgia Court

of Appeals dismissed Foster's appeal of the denial of his motion on January 12, 2009,

informing him that the court lacked jurisdiction over his untimely appeal.[2] (Doc. No. 11-

3). Because Foster's conviction became final, at the latest, on January 12, 2009, he

had one year from that date in which to file a timely federal habeas petition.[3] 28 U.S.C.

§ 2244(d)(1).

The applicable statute of limitations is tolled during "[t]he time . . . which a

properly filed application for State post-conviction or other collateral review with respect

to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); Taylor v.

Williams, 528 F.3d 847, 849 (11th Cir. 2008). "[A]n application is pending as long as the

ordinary state collateral review process is in continuance– i.e., until the completion of

that process. In other words, until the application has achieved final resolution through

the State's post-conviction procedures, by definition it remains pending." Carey v.

Saffold, 536 U.S. 214, 219-20 (2002) (internal citations omitted). A petitioner should be

---

[1] In his Response to the Motion to Dismiss, Foster makes much of when he contacted his attorney to express the wish to withdraw his guilty plea. (Doc. No. 10). Presumably, Foster makes these assertions in an effort to respond to Respondent's assertion that Foster's section 2254 petition was filed untimely. However, the timeliness of Foster's motion to withdraw his guilty plea is not at issue. At any rate, the Georgia Court of Appeals denied Foster's motion to withdraw his guilty plea on the merits. (Doc. No. 11-2).

[2] "A notice of appeal shall be filed within 30 days after entry of the appealable decision or judgment complained of; but when a motion for new trial, a motion in arrest of judgment, or a motion for judgment notwithstanding the verdict has been filed, the notice shall be filed within 30 days after the entry of the order granting, overruling, or otherwise finally disposing of the motion." O.C.G.A. § 5-6-38(a). Foster's appeal likely was not "properly filed" within the meaning of section 2244(d)(2), as his appeal was not filed within thirty (30) days of the trial court's denial of his motion.

[3] Respondent contends that Foster's conviction became final on December 1, 2008, because Foster's appeal was untimely filed. (Doc. No. 6-1, pp. 4-5). Whether Foster's conviction became final on December 1, 2008, or January 12, 2009, is immaterial to the undersigned's findings.

3

mindful that "once a deadline has expired, there is nothing left to toll. A state court filing after the federal habeas deadline does not revive" the statute of limitations period applicable to section 2254 petitions. Sibley v. Culliver, 377 F.3d 1196, 1204 (11th Cir. 2004); see also Alexander v. Sec'y, Dep't of Corr., 523 F.3d 1291, 1294 (11th Cir. 2008) (a state court motion for post-conviction relief cannot toll the federal limitations period if that period has already expired).

Foster filed his state habeas petition on August 9, 2010. At that point, the one-year statute of limitations period applicable to § 2254 petitions had expired. Foster makes no assertion, let alone a showing, that he is entitled to the equitable tolling of the applicable statute of limitations. Thus, his section 2254 petition filed in this Court on May 2, 2012, was filed untimely.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Respondent's Motion to Dismiss be **GRANTED**. It is also my **RECOMMENDATION** that Foster's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254, be **DISMISSED**, as untimely filed.

**SO REPORTED** and **RECOMMENDED**, this ___1st___ day of ~~August~~ September, 2012.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

72A
v. 8/82)